Richard M. COHN and Alan R. Kahn, as Trustees U/A2 of W/O Sterling D. Spero F/B/O Bertha K. Spero, Objectors Below, Appellants,

v.

Barbara ZAROWITZ, J.N. Blumberg, as Trustee of the Blumberg Properties Pension Plan, Elliot Dubowski, Rosalie F. and Melvin Kolbert, Susan J. Hut, Edna Roth, as Trustee for the benefit of Jennie Stepak, Florence Seigenfeld, and William B. Weinberger, Plaintiffs Below, Appellees,

and

Crocker National Corporation, Crocker National Bank, Jerome W. Hull, William L. Morris, Geoffrey W. Taylor, Peter E. Haas, Thomas R. Wilcox, Stanley Hiller, Jr., John A. Brooks, John J. Elmore, John B.M. Place, Alexander Damm, J. Hallam Dawson, Carl C. Gregory, Richard G. Landis, Fred B. Morrison, Jerome W. Komes, Arthur B. Hall, Malcolm G. Wilcox, Colin C. Livingston, Stuart T. Graham, Midland Bank, plc, Milo W. Bekins, Jr., Donald L. Bower, Thomas B. Crowley, Roberta Fenlon, Leslie L. Luttgens, Thomas P. Mullaney, S. Donley Ritchey, James P. Shepley, and Robert B. Shetterly, Defendants Below, Appellees.

Supreme Court of Delaware.
Submitted: Nov. 19, 1985.
Decided: Dec. 19, 1985.

Victor F. Battaglia and Pamela S. Tikellis of Biggs & Battaglia, Wilmington, and Sidney B. Silverman (argued) of Silverman & Harnes, New York City, of counsel, for objectors below—appellants.

Joseph A. Rosenthal (argued) of Morris and Rosenthal, P.A., Wilmington, Elizabeth M. McGeever of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, and Greenfield & Chimicles, Haverford, Pennsylvania, of counsel, for plaintiffs below—appellees.

Michael D. Goldman (argued) and James F. Burnett of Potter Anderson & Corroon, Wilmington, and W. Foster Wollen, Franklyn D. Kimball, and Jaculin Aaron of Shearman & Sterling, New York City, of counsel, for Midland Bank plc, defendant below—appellee.

Paul P. Welsh of Morris, Nichols, Arsht & Tunnell, Wilmington, and Melvin R. Goldman and Preston Moore of Morrison & Foerster, San Francisco, Cal. of counsel, for the individual defendants, Crocker Nat. Corp., and Crocker Nat. Bank, defendants below—appellees.

Before McNEILLY, HORSEY and MOORE, JJ.

McNEILLY, Justice.

This appeal is from the approval of a Stipulation and Agreement of Settlement entered in the Court of Chancery. Richard M. Cohn and Alan R. Kahn, as trustees for Bertha K. Spero, objected to the approval of the settlement and allege that the Vice Chancellor abused his discretion in approving it. We find no such abuse of discretion, and, accordingly, affirm the judgment below.

In 1980, an Investment Agreement was entered into between Crocker National Bank ("Crocker") and Midland Bank, plc ("Midland") pursuant to which Midland acquired approximately 57% of Crocker's outstanding common stock in 1981. On December 15, 1983, Crocker announced it was making a special charge of $107 million to fourth quarter earnings because of bad loan experience. In response, five stockholders filed derivative suits in the Court of Chancery which were consolidated soon thereafter. In addition, six class actions were commenced in the United States District Court for the Northern District of California. These class actions alleged federal securities law violations as well as corporate waste and mismanagement. The parties, after negotiations, agreed to prosecute all claims in the federal court, and the Delaware consolidated case was stayed. The federal actions were later consolidated.

In April 1984, Crocker announced it was again making a charge against earnings, this time of $147.6 million, in order to increase further its reserves for bad debts. On July 13, 1984, Midland proposed that it increase its ownership of Crocker common stock from 57% to 100% by a merger of Crocker with a wholly-owned subsidiary of Midland. Three class actions were then filed in the Court of Chancery attacking the merger as grossly unfair to minority shareholders. A fourth was filed by the objectors in this case ("*Cohn* action") on behalf of the holders of Crocker's $2.1875 Cumulative Convertible Preferred Stock ("preferred stock") claiming that the holders of the preferred stock had the right to vote as a separate class on the proposed merger. All of these actions except *Cohn* were later consolidated.

The plaintiffs in the *Cohn* action sought a preliminary injunction to prevent the submission of any settlement proposal to the Court of Chancery unless the holders of the preferred stock were given the right to vote on the merger as a separate class. The Vice Chancellor denied the preliminary injunction, finding that the *Cohn* plaintiffs had shown neither a reasonable probability of success on the merits nor the likelihood of irreparable injury. In addition, he held that because the right of the preferred stockholders to vote as a class was questionable, the right could be compromised just as any other good faith dispute, and that the proper time to raise the issue would be at the settlement hearing.

According to the terms of the original merger proposal, the minority holders of

common stock were to receive .50 share of a new adjustable rate preferred share ("ARPS") in place of each share of Crocker common stock held. The news ARPS was to have a stated value of $50. Thus, the minority common shareholders were to receive ARPS with a stated value equivalent of $25 for each common share. The actual estimated value of the ARPS, however, was approximately $18–$22 per common share. The holders of the preferred stock were to receive the right to convert their stock into the new ARPS, but were to lose their right to convert it into common stock.

Under the final Stipulation and Agreement of Settlement, the number of Crocker ARPS to be exchanged for each share of Crocker common is increased from .50 to .60, and the proposed dividend rate is changed so that the ARPS will trade at $27 per share of Crocker common. The preferred stockholders are to maintain their right to convert their preferred stock into ARPS with a correspondingly increased value. In addition, two Settlement Pools are to be established to compensate those preferred stockholders who trade during purchase and sales periods[1] when they may have been misled by challenged practices of Crocker, such as its alleged non-disclosure of its true financial condition. One Pool consists of $1 million to be paid to current holders of Crocker's preferred stock who purchased during the Purchase Period. The other Pool consists of $750 thousand, plus any amounts remaining following distribution of the other Pool, to be paid to those who bought Crocker securities during the Purchase Period and then sold those securities during the Sales Period.

■ The Vice Chancellor approved the Stipulation and Agreement of Settlement on May 23, 1985. The objectors below appeal that ruling to this Court, asserting that the Vice Chancellor was misinformed when he approved the settlement, and that he is therefore not entitled to the deference of this Court afforded him by the business judgment rule. They suggest that this misinformation was caused by a breach of the fiduciary duty of candor by plaintiffs' attorneys, in that the plaintiffs' attorneys allegedly made many inaccurate and misleading statements to the Vice Chancellor regarding the settlement in order to obtain his approval thereof. Upon a review of the record, we find that the Vice Chancellor was not so misinformed; there is sufficient evidence in the record to support his findings.

■ The objectors also contend that the preferred shareholders' alleged right to vote as a separate class on the proposed merger was not properly considered in the settlement negotiations because the preferred shareholders were not adequately represented by plaintiffs' attorneys. It appears to us that the preferred stockholders were, in fact, "adequately represented and negotiations were held to protect their interests," as the Vice Chancellor found. The record contains the affidavits of Midland's counsel and of counsel for two preferred shareholders who were plaintiffs below. Both affidavits attest to the active and intense participation of the latter counsel in the settlement negotiations on behalf of the holders of the $2.1875 preferred shares. Because the preferred shareholders' right to vote was the subject of a genuine good faith dispute, it could be compromised during settlement negotiations by attorneys representing the preferred shareholders.

■ Finally, objectors claim that the settlement terminates the preferred shareholders' class action without consideration. They assert that the settlement is unfair to the preferred shareholders because it takes away their right to convert their shares

---

1. The "Purchase Period" was from February 16, 1982 to December 14, 1983. The "Sales Period" was from December 15, 1983 to October 26, 1984.

into Crocker common, which has "virtually unlimited upside potential," in exchange for the right to convert into ARPS, which is allegedly worth less than the preferred stock they currently own.

We find no merit in the objectors' claim. The proper analytical approach in determining the impact of the settlement on the preferred shareholders is to compare the value of the two securities into which holders of the preferred stock may convert. Before settlement, the preferred shareholders had the right to convert their preferred shares into Crocker common having a value of $18 or $19 per share. As a result of the settlement, they now have the right to convert their preferred stock into ARPS having a value of $27 per share. As stated in the plaintiffs' brief, "[t]he record makes it abundantly clear that but for the settlement and the merger, which are inextricably intertwined with Midland's willingness to invest hundreds of millions of dollars more in Crocker, the outlook for Crocker's securities—common and convertible alike— would have been bleak."

The Vice Chancellor found that in his business judgment, "the settlement is fair and reasonable to all the parties." Upon our review of the record, we are convinced that the Vice Chancellor did not abuse his discretion in exercising his business judgment. See *Neponsit Investment Co. v. Abramson*, Del.Supr., 405 A.2d 97, 100 (1979). We therefore AFFIRM the judgment below.